Benjamin M. Lopatin, Esq.
Cal. SBN: 281730
*lopatin@hwrlawoffice.com*
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
One Embarcadero Center
Suite 500
San Francisco, CA 94111
Tel.:  (800) 436-6437
Fax:  (415) 692-6607

Attorney for Plaintiff Dominika Surzyn
and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DOMINIKA SURZYN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DIAMOND FOODS, INC.**, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 4:14-cv-136<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>*JURY TRIAL DEMANDED* |

Plaintiff, DOMINIKA SURZYN ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby files this Complaint, and makes the following allegations against Defendant, DIAMOND FOODS, INC., and DOES 1 through 10, inclusive ("Defendant"), in support thereof:

## I. INTRODUCTION

1. At all material times hereto, Defendant has unlawfully, fraudulently, unfairly, misleadingly, and/or deceptively represented that at least the following five (5) varieties of its Kettle Brand TIAS Tortilla Chips are "All Natural," while they contain unnatural, synthetic, and/or artificial ingredients, including, but are not limited to, maltodextrin and/or dextrose:

    a) Kettle Brand TIAS All Natural Nacho Cheddar Tortilla Chips

        i. <u>Unnatural ingredient</u>:  maltodextrin;

1

  b) Kettle Brand TIAS All Natural Zesty Ranch Tortilla Chips

    i. <u>Unnatural ingredient</u>:  maltodextrin;

  c) Kettle Brand TIAS All Natural Salsa Picante Tortilla Chips

    i. <u>Unnatural ingredients</u>:  maltodextrin and dextrose;

  d) Kettle Brand TIAS All Natural Sweet Baja Barbeque Tortilla Chips

    i. <u>Unnatural ingredient</u>:  maltodextrin;

  e) Kettle Brand TIAS All Natural Chili Con Queso Tortilla Chips

    i. <u>Unnatural ingredient</u>:  dextrose;

(collectively, "the Products").

2. The Products are not "natural," and certainly not "All Natural," because they contain unnatural, synthetic ingredients, including but not limited to, maltodextrin and/or dextrose.

3. Defendant manufactures, markets, advertises, and sells the Products as being "All Natural" on the front packaging of the Products.

4. At all material times hereto, the Products made the exact same "All Natural" claim in the exact same prominently displayed location on the front packaging for the aforementioned Products in paragraph one (1).

5. The representation that the Products are "All Natural" is central to the marketing of the Products and is displayed prominently on their packaging.  The misrepresentations were uniform and were communicated to Plaintiff and every other member of the Class.

6. Furthermore, the "All Natural" claim is false, misleading, and likely to deceive reasonable consumers in the same respect—that being due to their unnaturalness for containing unnatural, synthetic, and/or artificial ingredients.

7. Contrary to Defendant's representations, the Products, at all material times hereto, are not "All Natural," because the Products contain unnatural, synthetic, and/or artificial ingredients, such as maltodextrin and/or dextrose.  The Products are simply not "All Natural," therefore rendering Defendant's uniform claim unlawful, fraudulent, unfair, deceptive, misleading, and/or likely to deceive reasonable consumers.

8.　　Plaintiff is seeking damages individually and on behalf of the Class.

9.　　In addition, Plaintiff is seeking an Order requiring Defendant to cease using unnatural, synthetic, and/or artificial ingredients in its "All Natural" Products, and/or Ordering Defendant to cease from representing the Products are "All Natural" on the packaging for the Products that contain unnatural, synthetic, and/or artificial ingredients.

10.　　Plaintiff expressly does not seek to contest or enforce any state law that has requirements beyond those required by Federal laws or regulations.

## II. <u>JURISDICTION AND VENUE</u>

11.　　This Court has jurisdiction over the subject matter presented by this Complaint, because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

12.　　Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and as set forth below, diversity of citizenship exists under CAFA because Plaintiff is a citizen of the State of California, and Defendant can be considered a citizen of the State of Delaware.

13.　　This Court has personal jurisdiction over Defendant because, *inter alia*, Plaintiff's claims arise out of Defendant's conduct within the State of California.

14.　　Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Defendant conducts business in, and may be found in, this judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. The Declaration of Benjamin M. Lopatin, pursuant to Civil Code § 1780(c) of the Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq*. ("CLRA"), regarding venue, is submitted concurrently with this Complaint and is fully incorporated herein by reference.

### III. PARTIES

15.     Plaintiff, Dominika Surzyn, is an individual who at all times relevant herein was over the age of 18, and is a citizen of the State of California, resident of the County of Alameda.

16.     Plaintiff believes the allegations contained herein to be true.  All allegations herein are based on information and belief, and are likely to have evidentiary support after a reasonable opportunity to conduct discovery.

17.     Defendant, Diamond Foods, Inc., is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of California located at 600 Montgomery Street, 13th Floor, San Francisco, California 94111.

18.     Diamond Foods, Inc., lists with the California Secretary of State a Registered Agent designated as Stephen Kim, located at 600 Montgomery Street, 13th Floor, San Francisco, California 94111.

19.     Therefore, Diamond Foods, Inc., can be considered a "citizen" of the State of Delaware for diversity purposes.

20.     The true names and capacities of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sue said Defendants, and each of them, by such fictitious names.  Plaintiff will amend this Complaint to identify their true names and capacities when the same has been ascertained.

21.     Defendant named herein and each of said fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged.

22.     Defendant promoted and marketed the Products at issue in this jurisdiction and in this judicial District.  The advertising for the Products relied upon by Plaintiff was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through advertising containing the misrepresentations alleged herein.

23.     The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class into purchasing the Products.  Defendant is the owner, manufacturer and distributor of the Products,

and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements for the Products.

24.     Plaintiff alleges that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

25.     Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well as their respective employees, also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

26.     In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Defendant, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Defendant participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

27.     Whenever reference in this Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's Advertising of the "All Natural" Products

28.     Defendant manufactures, distributes, markets, advertises, and sells the Products aforementioned in paragraph one (1) throughout the State of California and in this judicial District, which uniformly claim to be "All Natural," when in fact, they are not, because they contain unnatural, synthetic, and/or artificial ingredients, including but not limited to, maltodextrin and/or dextrose.

29.     Through a variety of advertising, including the front packaging of the Products, Defendant has made untrue and misleading material statements and representations regarding the Products, which have been relied upon by Plaintiff and members of the Class.

30.     Defendant's "All Natural" statement prominently displayed on the front of the box for the Products' and on the front of each individual packaging for the Products is untrue, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Products are not "All Natural," due to the presence of unnatural, synthetic, and/or artificial ingredients in the Products.

31.     Defendant unlawfully markets, advertises, sells and distributes the Products to California purchasers in California grocery stores, food chains, mass discounters, mass merchandisers, club stores, convenience stores, drug stores and/or dollar stores, as being "All Natural."

32.     All of the Products' packaging uniformly and consistently states that the Products are All Natural on the front of the box for each of the Products and on the front of each individual packaging for the Products that come inside each box.

33.     As a result, all consumers within the Class, including Plaintiff, who purchased the Products were exposed to the same "All Natural" claim in the same location on the front box and individual packaging for the Products.

34.     Unfortunately for consumers, they were charged a price premium for these alleged All Natural Products over Products that did not claim to be "All Natural."

35.     Defendant's All Natural representations convey a series of express and implied claims which Defendant knows are material to the reasonable consumer, and which Defendant intends for consumers to rely upon when choosing to purchase the Products.

### B. __Maltodextrin and Dextrose Are Not Natural__

36.     Maltodextrin and dextrose are unnatural, synthetic, and/or an artificial ingredient, and its presence in the Products causes the Products to not be "All Natural."

37.    **Maltodextrin** is a saccharide polymer that is produced through partial acid and enzymatic hydrolysis of corn starch.[1]  The acid hydrolysis process is specifically deemed to be a relatively severe process that renders an ingredient no longer "natural."[2]

38.    **Dextrose** is enzymatically synthesized in a similar manner, crystallizing D-glucose with one molecule of water.

39.    Synthetic chemicals are often used to extract and purify the enzymes used to produce maltodextrin and dextrose.  The microorganisms, fungi, and bacteria used to produce these enzymes are also often synthetically produced.

40.    Despite all these unnatural ingredients, Defendant knowingly markets the Products as "All Natural."

## C.  Defendant Deceptively Markets the Products as "All Natural" to Induce Consumers to Purchase the Products

41.    A representation that a product is "All Natural" and/or "Natural" is material to a reasonable consumer.  According to Consumers Union, "Eighty-six percent of consumers expect a 'natural' label to mean processed foods do not contain any artificial ingredients."[3]

42.    Defendant markets and advertises the Products as "All Natural" to increase sales of the Products and Defendant is well-aware that claims of food being "All Natural" are material to consumers.  Despite knowing that maltodextrin and/or dextrose are not natural ingredients, Defendant has engaged in a widespread marketing and advertising campaign to portray the Products as being "All Natural."

43.    Defendant engaged in this misleading and deceptive campaign to charge a premium for the Products and take away market share from other similar products.  As stated herein, such representations and the widespread marketing campaign portraying the Products as

---

1.    Maltodextrins, GMO Compass, http://www.gmo-compass.org/eng/database/ingredients/148.maltodextrins.html (last visited Jan. 9, 2014).

2.    *See id.*

3.    Notice of the Federal Trade Commission, Comments of Consumers Union on Proposed Guides for Use of Environmental Marketing Claims, 16 CFR § 260, Dec. 10, 2010, http://www.ftc.gov/os/comments/greenguiderevisions/00289-57072.pdf (last visited Jan. 9, 2014).

being "All Natural" are misleading and likely to deceive reasonable consumers because the Products are not "All Natural" due to being made with unnatural ingredients.

44. Reasonable consumers frequently rely on food label representations and information in making purchase decisions.

45. Here, Plaintiff and the other Class members reasonably relied to their detriment on Defendant's misleading representations and omissions. Defendant's misleading affirmative statements about the "naturalness" of its Products obscured the material facts that Defendant failed to disclose about the unnaturalness of its Products.

46. Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions.

47. Defendant made the deceptive representations and omissions on the Products with the intent to induce Plaintiff's and the other Class members' purchase of the Products.

48. Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. Thus, Plaintiff's and the other Class members' reliance upon Defendant's misleading and deceptive representations and omissions may be presumed. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class.

49. Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the other Class members.

50. In making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a premium for "All Natural" labeled products over comparable products that are not labeled "All Natural" furthering Defendant's private interest of increasing sales for its Products and decreasing the sales of products that are truthfully offered as "All Natural" by Defendant's competitors, or those that do not claim to be "All Natural."

51.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the other Class members in that they:

a)  paid a sum of money for Products that were not as represented;

b)  paid a premium price for Products that were not as represented;

c)  were deprived the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

d)  were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

e)  did not receive Products that measured up to their expectations as created by Defendant;

f)  ingested a substance that was other than what was represented by Defendant;

g)  ingested a substance that Plaintiff and the other members of the Class did not expect or consent to;

h)  ingested a product that was artificial, synthetic, or otherwise unnatural;

i)  ingested a substance that was of a lower quality than what Defendant promised;

j)  were denied the benefit of knowing what they ingested;

k)  were denied the benefit of truthful food labels;

l)  were forced unwittingly to support an industry that contributes to environmental, ecological, and/or health damage;

m)  were denied the benefit of supporting an industry that sells natural foods and contributes to environmental sustainability; and

n)  were denied the benefit of the beneficial properties of the natural foods promised.

52.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the other Class members would not have been economically injured.

53.     Among other things, Plaintiff and the other Class members would not have been denied the benefit of the bargain, they would not have ingested a substance that they did not expect or consent to.

54.     Plaintiff and the other Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.  Plaintiff and the other Class members purchased, purchased more of, or paid more for, the Products than they would have done, had they known the truth about the Products' unnaturalness.

55.     Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

**D.  Plaintiff's Purchase and Reliance on the "All Natural" Statement**

56.     Plaintiff has purchased one or more of the Products during the Class Period, including, but not limited to, a purchase made during 2013 from a Whole Foods market located in Alameda County, California, for the purchase price of approximately $3.00 to $4.00.

57.     The Products purchased by Plaintiff claimed to be "All Natural" on the front packaging, which Plaintiff perceived, read, and relied on in making Plaintiff's decision to purchase the Products.  Plaintiff interpreted the "All Natural" claim to mean that the Tortilla Chips did not contain any unnatural, synthetic, and/or artificial ingredients.

58.     Subsequent to purchasing the Products, Plaintiff discovered that they contain maltodextrin and/or dextrose, which are unnatural and/or synthetic ingredients, and thus, the Products containing these unnatural, synthetic, and/or artificial ingredients are not "All Natural."

**E.  Plaintiff Has Suffered Economic Damages**

59.     Plaintiff and members of the Class would not have purchased the Products had they known that they were not "All Natural."

60.     Likewise, if Plaintiff and members of the Class had known the Products contained unnatural, synthetic, and/or artificial ingredients, they would not have purchased them.

61.     Defendant's "All Natural" statement related to the Products is material to a consumer's purchase decision because reasonable consumers, such as Plaintiff and members of the Class, care whether products contain unnatural, synthetic, and/or artificial ingredients, and thus attach importance to an "All Natural" claim when making a purchasing decision.

62.     As a result of purchasing the Products that claim to be "All Natural," but contain maltodextrin and/or dextrose, Plaintiff and members of the Class have suffered economic damages.

63.     Defendant's "All Natural" advertising for the Products was and is false, misleading, and/or likely to deceive reasonable consumers.  Therefore, the Products are valueless, worth less than what Plaintiff and members of the Class paid for them, and/or are not what Plaintiff and members of the Class reasonably intended to receive.

64.     Plaintiff and the Class seek damages equal to the aggregate purchase price paid for the Products during the Class Period because the Products are worthless due to not being "All Natural," due to the presence of unnatural, synthetic, and/or artificial ingredients.

65.     Moreover, Plaintiff and members of the Class paid a price premium for the "All Natural" Products, over other similar products that do not claim to be "All Natural."

## V. CLASS ACTION ALLEGATIONS

66.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

67.     This action is maintainable as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

68.     Pursuant to Federal Rule of Civil Procedure 23 and Cal. Civil Code § 1781, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all California residents who have purchased for personal use one or more of the following products: (1) Kettle Brand TIAS All Natural Nacho Cheddar Tortilla Chips; (2) Kettle Brand TIAS All Natural Zesty Ranch Tortilla Chips; (3) Kettle Brand TIAS All Natural Salsa Picante Tortilla Chips; (4) Kettle Brand TIAS All Natural Sweet Baja Barbeque Tortilla Chips; or Kettle Brand TIAS All Natural Chili Con Queso Tortilla Chips,**

**from January 9, 2010, through and to the date notice is provided to the Class.**

69.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

70.    Plaintiff reserves the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded or otherwise modified.

71.    **Numerosity**: The Class comprises many thousands of persons throughout the State of California. The class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.

72.    **Commonality:** The questions of law and fact common to the Class have the capacity to generate common answers that will drive resolution of this action. Common questions of law and fact include, but are not limited to, the following:

a)    Whether Defendant's practices and representations related to the marketing, labeling and sales of the Products in California were unfair, deceptive, fraudulent, and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17200, *et seq*.;

b)    Whether Defendant's practices and representations related to the marketing, labeling and sales of the Products in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17500, *et seq*.;

c)    Whether Defendant violated Cal. Civ. C. §§ 1750, *et seq*. with its practices and representations related to the marketing, labeling and sales of the Products within California;

d)    Whether the Products are "All Natural;"

e)    Whether the ingredients contained in the Products are "All Natural;"

12

f) Whether the claim "All Natural" on the Products' packaging and advertising is material to a reasonable consumer;

g) Whether the claim "All Natural" on the Products' packaging and advertising is false to a reasonable consumer.

h) Whether the claim "All Natural" on the Products' packaging and advertising is likely to deceive a reasonable consumer;

i) Whether the claim "All Natural" on the Products' packaging and advertising is misleading to a reasonable consumer;

j) Whether a reasonable consumer is likely to be deceived by a claim that a product is "All Natural" where the product contains unnatural, synthetic, and/or artificial ingredients; and

k) Whether Defendant's conduct as set forth above injured consumers and if so, the extent of the injury.

73. **Typicality:** Plaintiff's claims, and Defendant's defenses thereto, are typical of the claims of the Class, as the representations made by Defendant are consistent and uniform and are contained in the advertisements and labels that every member of the Class was necessarily exposed to in purchasing the Products. Thus, there exists a presumption that all Class members relied upon said uniform and consistent advertising and representations to their detriment. Additionally, all members of the Class have the same or similar injury (loss of purchase price) based on Defendant's false and misleading marketing and advertising.

74. **Adequacy:** Plaintiff does not have any conflicts with any other members of the Class, and will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

75. **Predominance:** As set forth in detail herein, common issues of fact and law predominate because all of Plaintiff's claims are based on a uniform false and misleading advertising message which all class members were necessarily exposed to.

76. **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually. Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>

#### *Violation of California Business & Professions Code §§ 17500 et seq.*

#### *(Brought on behalf of Plaintiff and the California Class)*

77. Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

78. Throughout the Class Period Defendant engaged in a public advertising and marketing campaign representing that the Products are "All Natural," despite the fact that the Products contain unnatural, synthetic, and/or artificial ingredients.

79. Defendant's advertisements and marketing representations are misleading, untrue, and likely to deceive reasonable consumers.

80. Defendant engaged in its advertising and marketing campaign with intent to directly induce customers to purchase the Products based on false claims.

81.     In violation of California Bus. & Prof. Code §§ 17500, *et seq.*, Defendant disseminated, or caused to be disseminated, the deceptive Products' labeling and advertising representations.

82.     Defendant's labeling and advertising representations for the Products are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §§ 17500 *et seq.*

83.     The representations were at all material times hereto likely to deceive reasonable consumers, including Plaintiff and members of the Class.

84.     Defendant violated California Bus. & Prof. Code §§ 17500 *et seq.*, in making and disseminating the deceptive representations alleged herein.

85.     Defendant knew or should have known that the representations were false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

86.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and similarly situated California purchasers of the Products have suffered economic damages.

87.     Plaintiff was injured in fact and lost money as a result of Defendant's conduct of improperly advertising the Products as described herein.

88.     Plaintiff would not have purchased the Products but for Defendant's misleading statements about the Products.

89.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff, individually and on behalf of all similarly situated California purchasers, seeks an order of this Court requiring Defendant to restore to purchasers of the Products all monies that may have been acquired by Defendant as a result of such false, unfair, deceptive and/or unlawful acts or practices. Plaintiff and members of the Class seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendant from disseminating its untrue and misleading statements, and other relief allowable under California Business & Professions Code Section 17535.

90.     Furthermore, as a result of Defendant's violations of the FAL, Plaintiff and similarly situated California purchasers of the Products are entitled to restitution for out-of-pocket expenses and economic harm.

91.     Pursuant to Civil Code § 3287(a), Plaintiff and similarly situated California purchasers of the Products are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and similarly situated California purchasers of the Products are entitled to interest in an amount according to proof.

## COUNT II

### *Violation of the Unfair and Fraudulent Prongs of California Business & Professions Code §§ 17200 et seq.*

### *(Brought on behalf of Plaintiff and the California Class)*

92.     Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

93.     This cause of action is brought on behalf of Plaintiff and members of the general public, pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

94.     In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Products.

95.     Specifically, Defendant has represented that their Products are "All Natural," when in fact the Products contain unnatural, synthetic, and/or artificial ingredients.

96.     The misrepresentations Defendant makes about the Products constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200, *et seq.*

97.     Defendant committed "unfair" and/or "fraudulent" business acts or practices by, among other things:   (1) engaging in conduct where the utility of such conduct, if any, is

outweighed by the gravity of the consequences to Plaintiff and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and (3) engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws alleged herein.

98.     As detailed above, Defendant's unfair and/or fraudulent practices include disseminating false and/or misleading representations regarding the Products.

99.     Defendant is aware that the claims it made about the Products are false, misleading, and likely to deceive reasonable consumers.

100.     Plaintiff would not have purchased the Products but for Defendant's misleading statements about the Products.

101.     Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

102.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

103.     Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Products as set forth herein.

104.     Defendant's business practices as alleged herein are fraudulent because they are likely to deceive customers into believing the Products have characteristics, uses and benefits they do not have.

105.     In addition, Defendant's use of various forms of advertising media to advertise, including the Products' labeling, call attention to, or give publicity to, the sale of goods or merchandise which are not as represented in any manner, which constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200, *et seq.*

106.    Defendant's wrongful business practices constituted a continuing course of conduct of unfair competition since Defendant is marketing and selling the Products in a manner likely to deceive the public.

107.    Defendant has peddled its misrepresentations through advertising in California, including the Products' labeling.

108.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

109.    Plaintiff and the putative members of the Class were misled into purchasing the Products by Defendant's deceptive and fraudulent conduct as alleged herein.

110.    Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Products, as set forth above.

111.    The use of such unfair and fraudulent business acts and practices was under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Products.

112.    As purchasers and consumers of Defendant's Products, and as members of the general public who purchased and used the Products, Plaintiff and the Class are entitled to bring this class action seeking all available remedies under the UCL.

113.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually, and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that have been acquired by Defendant as a result of Defendant's business acts or practices described herein.  Plaintiff, the Class, and the general public may be irreparably harmed or denied an effective and complete remedy in the absence of such an order.

114.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

115.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

# COUNT III

*Violation of the Unlawful Prong of California Business & Professions Code §§ 17200 et seq.*

*(Brought on behalf of Plaintiff and the California Class)*

116.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

117.    This cause of action is brought on behalf of Plaintiff and members of the Class pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

118.    As detailed above, Defendant's unlawful practices include disseminating false and/or misleading representations about the Products.

119.    Specifically, Defendant has represented that their Products are "All Natural," when in fact the Products contain unnatural, synthetic, and/or artificial ingredients.

120.    Plaintiff would not have purchased the Products, but for Defendant's misleading statements about the Products.

121.    Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

122.    Plaintiff paid for the Products, but did not receive what he reasonably expected.

123.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

124.    Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Products as set forth herein.

125.    In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Products.

126.    Such marketing, advertising and sale of the Products by Defendant is unlawful because (1) they are violating sections 1770(a)(5), 1770(a)(7) and 1770(a)(9) of the CLRA, California Civil Code section 1750, *et seq.*; and (2) they are violating the FAL, California Business & Professions Code section 17500, *et seq.*

127.    Because Defendant's business conduct in advertising, marketing and selling the Products using false and misleading statements, in violation of the CLRA, FAL, and/or other federal and state laws or regulations, it constitutes a per se violation of the "unlawful" prong of the UCL.

128.    As purchasers and consumers of Defendant's Products, and as members of the general public who purchased and used the Products, Plaintiff and the Class are entitled to and bring this class action seeking all available remedies under the UCL.

129.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unlawful business acts or practices.  Plaintiff, the Class and the general public may be irreparably harmed and/or denied an effective and complete remedy in the absence of such an order.

130.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

131.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT IV

### *Violation of the California Consumers Legal Remedies Act –*

### *Cal. Civ. Code §§ 1750 et seq.*

### *(Brought on behalf of Plaintiff and the California Class)*

132.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

133. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* (the "CLRA").

134. Defendant has represented that their Products are "All Natural," when in fact the Products contain unnatural, synthetic, and/or artificial ingredients.

135. This cause of action seeks monetary damages and injunctive relief pursuant to California Civil Code § 1782.

136. Defendant's actions, representations, and conduct have violated the CLRA, because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

137. Plaintiff and all members of the Class are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

138. Defendant sold the Products, which are "goods" within the meaning of California Civil Code § 1761(a), to Plaintiff and other members of the Class during the Class Period.

139. Plaintiff is an individual who purchased the Products for personal use.

140. The purchases of the Products by Plaintiff and California purchasers of the Products were and are "transactions" within the meaning of Civil Code §1761(e).

141. Defendant's marketing, labeling and advertising and sales of the Product within California violated the CLRA in at least the following respects as set forth in detail above:

    a. In violation of Civil Code §1770(a)(5), Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have;

    b. In violation of Civil Code §1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade, which they are not;

    c. In violation of Civil Code §1770(a)(9), Defendant advertised the Products with an intent not to sell the Products as advertised; and

    d. In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Products has been supplied in accordance with a previous representation when it has not.

142.    Defendant knew or should have known about the Products' misrepresentations.

143.    Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

144.    Defendant's wrongful business practices constitute a continuing course of conduct in violation of the CLRA.

145.    Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendant's misrepresentations.

146.    Plaintiff seeks an award of restitution and actual damages in accordance with the provisions of the CLRA.

147.    Plaintiff also seeks equitable relief in the form of an order for injunctive relief:

a)  Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

b)  Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

c)  Enjoining Defendant from engaging, using, or employing its advertising and marketing tactics to sell the Products, as described above.

148.    Pursuant to the notice requirements under the CLRA, on January 9, 2014, Plaintiff sent Defendant a letter via U.S.P.S. Certified Mail, notifying Defendant in writing of the particular violations of the CLRA, and demanding that Defendant take certain corrective actions within the mandated thirty (30) day time period.   In the event Defendant fails to adequately respond within the thirty (30) day time period, Plaintiff intends to amend this Complaint to include a request for punitive damages and statutory damages pursuant to the CLRA.

149.    Pursuant to the CLRA, Plaintiff separately seeks, and is entitled to, costs, attorney's fees, and any other applicable relief allowable under the CLRA.

## COUNT V

### *Negligent Misrepresentation*

### *(Brought on behalf of Plaintiff and the California Class)*

150. Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

151. Defendant has represented that their Products are "All Natural," when in fact the Products contain unnatural, synthetic, and/or artificial ingredients.

152. Defendant had no reasonable grounds for believing its representations were true.

153. Defendant should have known about the Products' misrepresentations.

154. In making these representations to Plaintiff and the Class, Defendant intended to induce Plaintiff and the Class to purchase the Products.

155. At all times herein, Plaintiff and the Class were unaware of the falsity of the Products' statements.

156. Plaintiff and the Class reasonably acted in response to the statements made by Defendant when they purchased the Products.

157. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members purchased the Products.

158. As a result, Plaintiff and the Class have been economically damaged in an amount to be determined at trial.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment and relief on all causes of action as follows:

A. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys as Class counsel.

B. For an award of equitable relief as follows:

i. Enjoining Defendant from making any "Natural" claims for the Products found to violate the UCL, FAL, or CLRA as set forth above;

ii.    Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct as set for above;

iii.    Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct as set forth above.

C.    For actual damages in an amount to be determined at trial.

D.    For an award of attorneys' fees pursuant to, *inter alia*, § 1780(d) of the CLRA and California Code of Civil Procedure § 1021.5.

E.    For an award of costs.

F.    For such further relief this Court deems just, appropriate, or proper.

G.    For pre- and post-judgment interest on any amounts awarded.

## VIII. <u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all issues so triable.

**DATED:  <u>January 9, 2014</u>**        **Respectfully Submitted**,

*/s/   Benjamin M. Lopatin*
Benjamin M. Lopatin, Esq.
Cal. SBN:  281730
*lopatin@hwrlawoffice.com*
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Tel.:  (800) 436-6437
Fax:  (415) 692-6607

*Attorney for Plaintiff Dominika Surzyn*
*and the Proposed Class*

24