Amanda L. Groves (SBN: 187216)
agroves@winston.com
Sean D. Meenan (SBN: 260466)
smeenan@winston.com
WINSTON & STRAWN LLP
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
DIAMOND FOODS, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

DOMINIKA SURZYN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DIAMOND FOODS, INC., a Delaware limited liability company, and DOES 1 through 10, inclusive,

Defendant.

**Case No. 4:14-cv-00136-SBA**

**DEFENDANT DIAMOND FOODS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

Hearing Date: May 6, 2014
Time: 1:00 p.m.
Courtroom: Courtroom 1
Judge: Hon. Saundra Brown Armstrong

Complaint Filed: January 9, 2014

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that on May 6, 2014 at 1:00 p.m. Pacific time, or as soon thereafter as the matter may be heard in Courtroom 1, 4th Floor of this Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Diamond Foods Inc. ("Diamond") will, and hereby does, move this Court for an order dismissing with prejudice the Complaint (Docket Entry No. 1) of Plaintiff, Dominika Surzyn, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and Rule 9(b) of the Federal Rules of Civil Procedure for failure to allege the circumstances constituting fraud with particularity, or in the alternative, to strike immaterial and impertinent allegations under Rule 12(f) of the Federal Rules of Civil Procedure.

Diamond moves on the grounds that: (1) Plaintiff has not and cannot plausibly allege a reasonable consumer would be misled by the challenged labeling; (2) Plaintiff failed to satisfy Rule 9(b)'s heightened pleading requirements for claims of fraud by not alleging what product she purchased or what ingredients render that product's label allegedly misleading; and/or (3) Plaintiff's vague and unsupported claims regarding non-label marketing and advertising should be dismissed or stricken for: (a) lack of Article III standing; (b) lack of statutory standing under the UCL, FAL, and CLRA, (c) failure to satisfy the pleading requirements of *Twombly* or *Iqbal*; and/or (d) failure to meet Rule 9(b)'s heightened pleading requirements for claims sounding in fraud.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the Request for Judicial Notice and Proposed Order filed herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing.

Dated: March 24, 2014 WINSTON & STRAWN LLP

By: */s/ Amanda L. Groves*
Amanda L. Groves
Attorneys for Defendant
DIAMOND FOODS, INC.

1

DIAMOND'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 4:14-**cv**-00136-SBA)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS & AUTHORITIES .......... 1

I. SUMMARY OF ARGUMENT .......... 1

II. STATEMENT OF ISSUES .......... 2

III. STATEMENT OF ALLEGED FACTS .......... 2

IV. LEGAL STANDARDS FOR MOTION TO DISMISS .......... 3

A. Rule 12(b)(6) .......... 3

B. Rules 9(b) .......... 5

C. Rule 12(f) .......... 5

V. ARGUMENT .......... 5

A. The Complaint Should Be Dismissed Because a Reasonable Consumer Would Not Be Misled by the Challenged Labeling. .......... 5

1. Plaintiff Failed to Plausibly Allege an Objective Definition of “All Natural”. .......... 7

2. The Term “All Natural” Would Not Mislead a Reasonable Consumer in this Context. .......... 9

B. Plaintiff Does Not Identify the “Who, What, When, Where and How” Required to State a Claim. .......... 10

C. Plaintiff’s Vague Claims Relating to Marketing and Advertising beyond the Label Itself Lack Any Factual Support and Should Be Dismissed. .......... 11

VI. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ang v. Whitewave Foods Co.*, Case No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013) ....... 7

*Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133 (C.D. Cal. 2005) ....... 7, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....... passim

*Balser v. Hain Celestial Group, Inc.*, No. CV 13-05604-R, 2013 WL 6673617 (Dec. 18, 2013) ....... 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....... 1, 2, 4, 12

*Brazil v. Dole Food Co., Inc.*, No. 12-cv-01831, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) ....... 11

*Brockey v. Moore*, 107 Cal. App. 4th 86 (2003) ....... 6

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002) ....... 5

*Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. 11-15263, 2012 WL 1131526 (9th Cir. Apr. 5, 2012) ....... 7

*Chambers v. Time Warner, Inc.* (2nd Cir. 2002) 282 F3d 147 ....... 4

*Chin v. General Mills, Inc.*, No. 12-2150, 2013 WL 2420455 (D. Minn. June 3, 2013) ....... 9

*Fantasy, Inc. v. Fogertz*, 984 F.2d 1524 (9th Cir. 1993) ....... 2, 5

*Fox v. Pollack*, 181 Cal. App. 3d 954 (1986) ....... 6

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ....... 6, 11

*Gitson v. Trader Joe's Co.*, No. 13-cv-01333, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013) ....... 10

*Hairston v. So. Beach Beverage Co., Inc.*, No. CV 12-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ....... 1, 9

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*Haskell v. Time, Inc.*,
857 F. Supp. 1392 (E.D. Cal. 1994)....................7

*In re GlenFed, Inc. Sec. Litig.*,
42 F.3d at 1549 ....................12

*Kane v. Chobani, Inc.*,
No. 12-cv-02425, 2014 WL 657300 (N.D. Cal. Feb. 20, 2014)....................6, 11

*Lavie v. Proctor & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ....................6

*Leadsinger, Inc. v. BMG Music Publishing*,
429 F. Supp. 2d 1190 (C.D. Cal. 2005) ....................4

*Lincoln Alameda Creek v. Cooper Industries, Inc.*,
829 F. Supp. 325 (N.D. Cal. 1992) ....................5

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................11

*Manzarek v. St. Paul Fire & Marine Ins., Co.*,
519 F.3d 1025 (9th Cir. 2008) ....................4

*McKinnis v. Kellogg USA*,
No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal., May 21, 2007)....................7

*Morgan v. Wallaby Yogurt Co., Inc.*,
No. 13-cv-00296, 2013 WL 5514563 (N.D. Cal. Oct. 4, 2013) ....................9

*Pelayo v. Nestle USA, Inc.*, No. 13-5213, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013) ..... passim

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*
998 F2d 1192 (3rd Cir. 1993) ....................4

*Rooney v. Cumberland Packing Corp.*,
No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ....................6, 9

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) ....................5

*Shaker v. Nature's Path Foods, Inc.*,
Case No. CV-13-1138-GW, 2013 WL 679802 (C.D. Cal. Dec. 16, 2013) ....................7

*Shwarz v. United States*,
234 F.3d 428 (9th Cir. 2000) ....................4

*Smith v. Allstate Ins. Co.*,
160 F. Supp. 2d 1150 (S.D. Cal. 2001)....................5

*Sugawara v. Pepsico, Inc.*,
No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009)....................6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ....................5

*Thurston v. Bear Naked, Inc.*, No. 3:11-CV-0189-H (BGS), 2013 WL 5664985 (S.D. Cal. July 30, 2013) ....................8

*United States v. Corinthian Colleges* 655 F. 3d 984 (9th Cir. 2011) ....................4

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .................... passim

*Videtto v. Kellogg USA*, No. 2:08-cv-1324, 2009 WL 1439086 (E.D. Cal., May 21, 2009) ....................6

*Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (C.D. Cal. 2013) ....................10

*Werbel v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ....................6

*Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008) ....................6, 11

**OTHER AUTHORITIES**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994) ....................5

56 Fed. Reg. 60421, 60421-22, 60466 (Nov. 27, 1991 ) ....................8

75 Fed. Reg. 63552-01 ....................1, 8

77 Fed. Reg. 62122 (Oct. 11, 2012) ....................8

Fed. R. Civ. P. 8(a) ....................3

Fed. R. Civ. P. 9(b) .................... passim

Fed. R. Civ. P. 12(b)(6) ....................3, 4

Fed. R. Civ. P. 12(f) ....................5

Fed. R. Civ. P. 12(f)(1) ....................5

U.S. CONST. art. III ....................11, 2

iv

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 4:14-**cv**-00136-SBA)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**MEMORANDUM OF POINTS & AUTHORITIES**

## I. SUMMARY OF ARGUMENT

Each of the Complaint's five causes of action is premised on the same claim: that Plaintiff and reasonable consumers were misled by the phrase "All Natural" on Diamond Foods' TIAS Tortilla Chips because the chips contain the ingredients maltodextrin and/or dextrose. The Complaint, however, fails to plausibly allege that the label-at-issue is likely to deceive a reasonable consumer and falls short of meeting the pleading requirements of *Twombly*, *Iqbal*, and Rule 9(b).

As a preliminary matter, Plaintiff has not plausibly alleged a definition of the phrase "All Natural" upon which she and a reasonable consumer would rely. Both the FDA and the FTC have declined to adopt a definition of the term "natural" because that term "may be used in numerous contexts and may convey different meanings depending on that context." *Pelayo v. Nestle USA, Incorporated*, 2013 WL 5764644, at *5 (*citing* 75 Fed. Reg. 63552-01). In fact, the Complaint itself alleges two different definitions of this term. On one hand, Plaintiff states that that the majority of consumers interpret "natural" to mean a product does not contain any *artificial ingredients.* (Compl. ¶ 41.) On the other hand, Plaintiff claims that she personally interpreted "All Natural" more expansively -- to mean that the chips did not contain any "*unnatural, synthetic, and/or artificial ingredients*." (Compl. ¶ 57.) Without an objective definition of the phrase "All Natural," it is "implausible that a significant portion of the general consuming public of targeted consumers would be deceived" by the use of the term. *Id.* at *5 (internal quotations omitted).

Moreover, a reasonable consumer could not plausibly be deceived in the manner Plaintiff alleges. As other courts have held, consumers for whom "All Natural" is material would review the objective product information on the label related to that statement. Here, such a review informs consumers of the presence of the ingredient(s)-at-issue as well as the meaning of the "Natural Promise." Thus, whatever "ambiguity" Plaintiff may have perceived in the label's "All Natural" statement "is clarified by the detailed information contained in the ingredient list" and elsewhere on the label. *See Hairston v. So. Beach Beverage Co., Inc.*, No. CV 12-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012).

Additionally, because Plaintiff's claims sound in fraud, she bears the burden of pleading with

particularity the circumstances constituting the fraud. FED. R. CIV. P. 9(b). Yet, Plaintiff fails to allege which variety of TIAS Tortilla Chips she purchased or which of the disputed ingredients that product contains (maltodextrin, dextrose or both). Plaintiff's failures to plead "what" product she purchased or "what" ingredients render that product's label misleading are fatal to the Complaint and serve as independent bases for dismissal. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (plaintiffs pleading claims of fraud are required to plead the "who, what, when, where, and how" of the misconduct charged).

Finally, even if Plaintiff had stated a plausible claim based on the product label, this Court should dismiss or strike the Complaint's vague and unsupported claims relating to a "widespread marketing and advertising campaign." The Complaint does not include a single allegation regarding the alleged non-label marketing or advertising, nor does Plaintiff allege that she viewed or relied on anything other than the label. Accordingly, the allegations are "immaterial" and "impertinent" and should be stricken. *See Fantasy, Inc. v. Fogertz*, 984 F.2d 1524, 1527 (9th Cir. 1993).

## II. STATEMENT OF ISSUES

1. Has Plaintiff failed to plausibly allege that that term "All Natural" would mislead Plaintiff and reasonable consumers into believing that TIAS Tortilla Chips do not contain maltodextrin and/or dextrose?

2. Has Plaintiff failed to satisfy Rule 9(b)'s heightened pleading requirements for claims of fraud by not alleging what product she purchased or what ingredients render that product's label allegedly misleading?

3. Should Plaintiff's claims regarding non-label marketing and advertising be dismissed or stricken for: (a) lack of Article III standing; (b) lack of statutory standing under the UCL, FAL, and CLRA, (c) failure to satisfy the pleading requirements of *Twombly* or *Iqbal*; and/or (d) failure to meet Rule 9(b)'s heightened pleading requirements for claims sounding in fraud?

## III. STATEMENT OF ALLEGED FACTS

The Complaint relates to Plaintiff's purchase of "one or more" bags of TIAS Tortilla Chips for between $3.00 and $4.00. (Class Action Complaint, Docket No. 1 ("Compl.") ¶ 56.) While the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Complaint includes allegations relating to five different varieties of TIAS Tortilla Chips containing maltodextrin, dextrose, or both,[1] Plaintiff does not specify which variety she purchased, nor does Plaintiff attach the disputed product label.

Plaintiff purports to represent all Californians who purchased any one of those varieties since January 2010, and asserts claims for: (1) violation of California's False Advertising Law; (2) violation of the unfair and fraudulent, prongs of California's Unfair Competition Laws ("Section 17200"); (3) violation of the unlawful prong of Section 17200; (4) violation of California's Consumer Legal Remedies Act; and (5) negligent misrepresentation. Although the Complaint makes occasional reference to Plaintiff's alleged "ingestion" of the products, (Compl. ¶ 51), she and the putative class claim to have suffered economic loss only. For those economic losses, Plaintiff claims every purchaser is entitled to a full refund for every product purchased, *i.e.*, "damages equal to the aggregate purchase price paid for the Products during the Class Period." (*Id.* ¶¶ 59-65.)

For her own purchase, Plaintiff contends she reviewed the package before buying it, apparently consumed its contents and, at some unspecified later time, determined that the product contained ingredients that Plaintiff deems unnatural. (*See id.* ¶¶ 51, 56-58.) Specifically, Plaintiff claims the chips are "unnatural" because they contain allegedly "unnatural, synthetic ingredients, including but not limited to maltodextrin and/or dextrose." (*Id.* at ¶¶ 1-2.) Plaintiff's allegations -- presumably derived from the package's ingredients panel -- identify ingredient(s) contained in each of the chip varieties. (*Compare e.g., id.* ¶ 1 *with* Exhibit A.[2]) Diamond Foods does not dispute that the described products contain maltodextrin or dextrose, as expressly identified on the packaging of those varieties. Diamond Foods *does dispute* that Plaintiff can plausibly plead that the presence of one or both of these ingredients renders the "All Natural" statement misleading.

## IV. LEGAL STANDARDS FOR MOTION TO DISMISS

### A. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a

[1] Nacho Cheddar (maltodextrin), Zesty Ranch (maltodextrin), Salsa Picante (both), Sweet Baja Barbeque (maltodextrin), and Chili Con Queso (dextrose). (Compl. ¶ 1.)

[2] Diamond Foods has attached an example of relevant product packaging as Exhibit A to its Motion, and as Exhibit A to the Request for Judicial Notice filed concurrently with this Motion.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). For a complaint to adequately state a claim for relief, a plaintiff must allege enough facts to render the claim facially plausible, not just conceivable. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint . . . does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and citations omitted); *see also Iqbal*, 556 U.S. at 663 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For purposes of ruling on a Rule 12(b)(6) motion, courts general "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins., Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But a court need not accept as true allegations that are contradicted by judicially noticeable facts. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). And courts may consider documents outside the pleadings if: (1) the complaint refers to such document; (2) the document is "central" to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion. *United States v. Corinthian Colleges* 655 F. 3d 984, 999 (9th Cir. 2011); *Chambers v. Time Warner, Inc.* (2nd Cir. 2002) 282 F3d 147, 153, fn. 3; *see also Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.* 998 F2d 1192, 1196 (3rd Cir. 1993) ("[A] plaintiff with a legally deficient claim (from surviving) a motion to dismiss simply by failing to attach a dispositive document on which it relied.") (parenthesis added).[3]

Although a motion to dismiss may be granted with leave to amend, leave to amend is not required where "any amendment would be futile." *See Leadsinger, Inc. v. BMG Music Publishing*, 429 F. Supp. 2d 1190, 1197 (C.D. Cal. 2005).

[3] Diamond Foods respectfully requests that this Court take judicial notice of a sample label attached as Exhibit A to this Motion and the Request for Judicial notice filed concurrently with this Motion for the reasons stated in the Diamond Food's Request or Judicial Notice.

4

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 4:14-**cv**-00136-SBA)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**B. Rules 9(b)**

A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. PROC. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted).

**C. Rule 12(f)**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may also strike allegations from a complaint that are "redundant, immaterial, impertinent, or scandalous," and the Court has considerable discretion in deciding whether to strike such allegations. See FED. R. CIV. P. 12(f)(1); *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). An "immaterial" matter is one that has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). Additionally, an "'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

**V. ARGUMENT**

**A. The Complaint Should Be Dismissed Because a Reasonable Consumer Would Not Be Misled by the Challenged Labeling.**

To state a claim for negligent misrepresentation or a claim based on misrepresentations under the UCL, FAL, or CLRA, the alleged statement must be likely to deceive a reasonable consumer. *See Lincoln Alameda Creek v. Cooper Industries, Inc.*, 829 F. Supp. 325, 330 (N.D. Cal.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1992) (citing *Fox v. Pollack,* 181 Cal. App. 3d 954, (1986) (negligent misrepresentation); *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (UCL, CLRA, and FAL) (*citing Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)); *Kane v. Chobani, Inc.*, No. 12-cv-02425, 2014 WL 657300, at *5-*7 (N.D. Cal. Feb. 20, 2014) (unfair, fraudulent, and unlawful prongs of the UCL) (citation omitted). While the reasonable consumer "may be unwary or trusting," she is not the "least sophisticated consumer." *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* at 508. Rather, the advertisement must be "such that it is probable that a significant portion of the general consumer public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.* at 508.

While the reasonable consumer test often involves questions of fact, "in certain circumstances, the Court can properly make this determination and resolve such claims based on its review of the product packaging." *Pelayo v. Nestle USA, Inc.*, No. 13-5213, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013) (*citing Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003) ("[T]he primary evidence in a false advertising case is the advertising itself."). Thus, "where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Id.* (*citing Rooney v. Cumberland Packing Corp.,* No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend a complaint alleging that "Sugar in the Raw" was deceptive because it was actually processed and not natural sugar); *Werbel v. Pepsico, Inc.,* No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) (holding that, as a matter of law, no reasonable consumer would be led to believe that "Cap'n Crunch's Crunch Berries" cereal contained real fruit berries despite the use of the word berries in the product); *Sugawara v. Pepsico, Inc.,* No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009) (same); *Videtto v. Kellogg USA,* No. 2:08-cv-1324, 2009 WL 1439086 (E.D. Cal., May 21, 2009) (dismissing without leave to amend UCL, FAL and CLRA claims based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "real, nutritious fruit");

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*McKinnis v. Kellogg USA*, No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal., May 21, 2007) (same)).[4]

In assessing the legal sufficiency of plaintiff's allegations of deception, the Court may and should "draw on its judicial experience and common sense" and conduct a context-specific analysis. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, the Court should consider whether it is plausible that a reasonable consumer would interpret the "All Natural" phrase on a mass-produced bag of chips to mean that the chips do not include maltodextin or dextrose--despite the fact that the label expressly lists those ingredient(s) and delineates the meaning of the "Natural Promise." (*See* Ex.A, *Pelayo*, 2013 WL 5764644, at *4-6.)

**1. Plaintiff Failed to Plausibly Allege an Objective Definition of "All Natural".**

Each of Plaintiff's claims rise and fall with the allegation that Plaintiff and the reasonable consumer were somehow misled by the "All Natural" representation on certain TIAS Tortilla Chips. (*See, e.g.*, Compl. ¶¶ 1, 41-58, 78, 95, 119, 134, 151.) Accordingly, Plaintiff bears the burden of alleging an objective definition of the term "All Natural" upon which she and the putative class relied. *See also Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) ("Generalized, vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer *could not* rely, and hence *are not actionable*.") (emphasis added) (internal quotations and citations omitted); *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) (The distinguishing characteristics of non-actionable assertions are that they are "vague, highly subjective claims as opposed to specific detailed factual assertions.").

The Complaint alleges two different definitions of "All Natural." On one hand, Plaintiff states that the majority of consumers expect "natural" to mean "processed foods do not contain any *artificial ingredients*." (Compl. ¶ 41 (emphasis added).) On the other hand, Plaintiff herself alleges

[4] *See also Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. 11-15263, 2012 WL 1131526 (9th Cir. Apr. 5, 2012) (affirming dismissal of claims where reasonable consumer would not be misled by the terms "Original" and "Classic"); *Ang v. Whitewave Foods Co.*, Case No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013) (dismissing without leave to amend a complaint alleging that "milk" in product names, like Soymilk and Almond Milk, misleads consumers to believe that the products are from dairy cows); *Shaker v. Nature's Path Foods, Inc.*, Case No. CV-13-1138-GW, 2013 WL 679802 (C.D. Cal. Dec. 16, 2013) (dismissing without leave to amend a complaint alleging that packaging depicting a bowl of Optimum Cinnamon Blueberry Cereal garnished with dried strawberries misleads consumers to believe that the cereal contains dried strawberries).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

that she relied on a more expansive definition in which "All Natural" means the chips "did not contain any *unnatural, synthetic, and/or artificial ingredients*." (Compl. ¶ 57 (emphasis added).) Plaintiff's inability to provide a plausible, or even consistent, definition of the phrase "All Natural" is fatal to her claims. *See Pelayo*, 2013 WL 5764644, at *4.

In *Pelayo v. Nestle*, the court dismissed nearly identical claims due to the lack of a uniform definition of the phrase "All Natural." 2013 WL 5764644, at *3-6. Pelayo alleged that Nestle violated the UCL and CLRA by labeling Buitoni Pastas as "All Natural" even though the pastas contained allegedly unnatural ingredients, including maltodextrin (one of the ingredients at issue here). *Id.* at *1-2, *4. After reviewing a variety of proposed definitions for "All Natural," the court concluded that there is no consistent definition of the term. *Id.* at *4. As the court in *Pelayo* noted, the FDA and FTC [have both] declined to adopt a definition of "natural" because the term "may be used in numerous contexts and may convey different meanings depending on that context."[5] In light of the lack of an objective definition of "All Natural," the *Pelayo* court concluded "it is implausible that 'a significant portion of the general consuming public of targeted consumers' would be deceived by the use of the term "All Natural" on the Buitoni Pastas." *Id.* at *5.[6]

Similarly here, Plaintiff's claim that she and reasonable consumers were misled by the term "All Natural"– a phrase that the FDA and FTC have declined to define and which Plaintiff is unable

---

[5] *Id.* at *5 (*citing* 75 Fed. Reg. 63552-01; *see also* 56 Fed. Reg. 60421, 60421-22, 60466 (Nov. 27, 1991 ) (FDA stating there is a lack of "scientific agreement about the meaning of the term" and "numerous inconsistencies" and "unanswered questions" in existing definitions "established by other government agencies, other countries, state governments and industry."); Guides for the Use of Environmental Marketing Claims: Adoption of Revised Guides, 77 Fed. Reg. 62122, 62124 (Oct. 11, 2012) (FTC concluding that the term natural "lacks sufficient evidence on which to base general guidance for 'natural' claims.").

[6] *See also Balser v. Hain Celestial Group, Inc.*, No. CV 13-05604-R, 2013 WL 6673617, at *2 (Dec. 18, 2013) ([l]t is undisputed that "natural" is a vague and ambiguous term. Plaintiffs aver that "natural" means: "existing in or produced by nature; not artificial." This definition is implausible as applied to the products at issue: shampoos and lotions do not exist in nature, there are no shampoo trees, cosmetics are manufactured. Thus Plaintiffs cannot plausibly allege they were deceived to believe shampoo was "existing or produced by nature."); *Thurston v. Bear Naked, Inc.*, No. 3:11-CV-0189-H (BGS), 2013 WL 5664985, at *2 (S.D. Cal. July 30, 2013), at *14 (denying class certification, in part because "Plaintiffs fail to sufficiently show that 'natural' has any kind of uniform definition among class members, that a sufficient portion of class members would have relied to their detriment on the representation, or that Defendant's representation of natural in light of the presence of the challenged ingredients would be considered to be a material falsehood by class members.").

8

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 4:14-**cv**-00136-SBA)

to define – is precisely the type of "[g]eneralized, vague, and unspecified assertions" that courts have held to be "not actionable." *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); *Pelayo*, 2013 WL 5764644, at *3-6.

**2. The Term "All Natural" Would Not Mislead a Reasonable Consumer in this Context.**

Courts repeatedly have held that label statements, like the "All Natural" statement here, cannot be viewed in isolation. Rather, the statement must be considered in the context of the entire package, including the ingredient panel, which expressly discloses the ingredient(s)-at-issue and delineates the meaning of the "Natural Promise." *See* Ex. A; *Chin v. General Mills, Inc.*, No. 12-2150, 2013 WL 2420455, at *5 (D. Minn. June 3, 2013) (holding, in context of warranty claim, that packaging giving rise to claim must be read as a whole); *Hairston v. So. Beach Beverage Co., Inc.*, 2012 WL 1893818 at *5 ("To the extent there is any ambiguity [on the front label of the food-at-issue], it is clarified by the detailed information in the ingredient list . . . [and] reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.") (internal quotation marks and citations omitted); *see also Balser*, 2013 WL 6673617, at *2 (rejecting allegations "that "100% vegetarian" claims were deceptive, where plaintiffs contended "that '100% vegetarian' means only from vegetable matter;" holding that the "more common understanding is without animal products, which is how Defendants use the term and Defendants' labels further clarify the meaning of the phrase.").)

After concluding that there is no objective definition of "All Natural," the *Pelayo* court proceeded to analyze whether plaintiff had alleged a plausible subjective definition of that term based on the label-at-issue. In *Pelayo*, the phrase "All Natural" appeared on both on the front of the label and on the back, above the list of ingredients. *Id.* at *5. Accordingly, "to the extent there [wa]s any ambiguity regarding the definition of "All Natural" . . . it [wa]s clarified by the detailed information contained in the ingredient list." *Id.* at *5 (*citing Rooney*, *supra*, 2012 WL 1512106, at *4-5 (S.D. Cal. Apr. 16, 2012) (holding that no reasonable consumer could be deceived by label "Sugar in the Raw" because package stated in several places that the sugar was turbinado-sugar (a processed sugar)); *Morgan v. Wallaby Yogurt Co., Inc.*, No. 13-cv-00296, 2013 WL 5514563, at *8-

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

9 (N.D. Cal. Oct. 4, 2013) (holding that claims that plaintiffs would not have purchased the products if they had known the products contained sugar or dried cane syrup, "is contradicted by the fact that the plaintiffs nonetheless purchased the products despite the fact that the sugar content is listed right next to the ingredients list, as the images in their Complaint reflect"); *Gitson v. Trader Joe's Co.*, No. 13-cv-01333, 2013 WL 5513711, at *6-7 (N.D. Cal. Oct. 4, 2013) (holding that reasonable consumer would not be deceived into thinking soy milk was dairy when the label said it was not); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 889-893 (C.D. Cal. 2013) (finding that no reasonable consumer could be misled where statement of ingredients makes the product's composition clear).

Similarly here, the "All Natural" statement appears on both the front of the label and on the back, next to the Nutrition Facts panel, which expressly discloses the very ingredients Plaintiff claims would have prevented her purchase of the products. *Compare* Ex. A *with* Compl. ¶ 52-53. As in *Pelayo*, this ingredient list clarifies any ambiguity regarding the meaning of the "All Natural" representation. Moreover, the TIAS Tortilla Chips label delineates what the "Natural Promise" means, providing even more information than the label in *Pelayo*. (*See* Ex. A.) Plaintiff has not (and cannot) plausibly allege how a reasonable consumer would be misled under these circumstances, and her complaint should be dismissed with prejudice. *See Pelayo*¸ 2013 WL 5764644, at *5.

**B. Plaintiff Does Not Identify the "Who, What, When, Where and How" Required to State a Claim.**

Because her claims sound in fraud, Plaintiff bears the burden of "pleading with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Accordingly, Plaintiff is required to plead the "who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106. The Complaint includes claims regarding five different varieties of TIAS Tortilla Chips and alleges that some varieties contain the ingredient maltodextrin, some contain dextrose, and others contain both maltodextrin and dextrose. (Compl. ¶ 1.) But Plaintiff does not identify which variety of TIAS Tortilla Chips she purchased or even whether the product she purchased contained maltodextrin, dextrose, or both. (*See* Compl. ¶ 56 ("Plaintiff has purchased one or more of the Products during the Class Period . . ..")). Plaintiff's failure to plead "what" product she purchased or

"what" ingredients render that product's label allegedly misleading is fatal to the Complaint and serves as independent bases for dismissal. *See Vess*, 317 F.3d at 1106.

### C. Plaintiff's Vague Claims Relating to Marketing and Advertising beyond the Label Itself Lack Any Factual Support and Should Be Dismissed.

While Plaintiff's factual allegations focus solely on TIAS Tortilla Chips labels, the Complaint is replete with vague and unsupported references to an alleged "widespread marketing and advertising campaign." (*See* Compl. ¶ 42, *see also, e.g. id.* ¶ 78 (public advertising and marketing campaign); *id.* ¶ 105 ("various forms of advertising media to advertise"); *id.* ¶¶ 3, 5, 22, 28, 31, 40, 42, 43, 72, 79, 80, 94, 106, 110, 111, 125, 126, 141, 147 (marketing); *id.* ¶¶ 3, 23, 28, 29, 31, 42, 63, 72, 73, 75, 79, 80, 81, 82, 87, 94, 107, 110, 111, 215, 126, 127, 141, 147 (advertising); *id.* ¶ 22 (promotion).) Notably, Plaintiff does not allege she relied on, or even viewed, any such non-label marketing or advertising. Such unsupported allegations cannot survive a motion to dismiss or a motion to strike.

Article III of the U.S. Constitution affords standing only where a plaintiff alleges "a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). And as discussed above, statutory standing under the UCL, FAL, and CLRA requires allegations of reliance on the alleged misrepresentation. *See Williams*, 552 F.3d at 938 (*citing Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)); *Chobani*, 2014 WL 657300, at *5-7. Plaintiff, however, does not allege that she was even exposed to the alleged "marketing" or "advertising." And Plaintiff has not and cannot allege that her injury was caused by, or that she relied upon, marketing or advertising that she did not view. Accordingly, this Court should dismiss each of Plaintiff's claims relating to the non-labeling advertising, marketing or promotion that Plaintiff did not view. *See, e.g. Brazil v. Dole Food Co., Inc.*, No. 12-cv-01831, 2013 WL 5312418, at *8-9 (N.D. Cal. Sept. 23, 2013) (dismissing claims to the extent they are based on statements that plaintiff did not view).

Even if Plaintiff had alleged reliance on such marketing or advertising, these claims would fail due to the absence of any factual allegations supporting these claims. As stated above, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And allegations of fraud are subject to an even stricter pleading standard, which requires Plaintiff to plead the "who, what, when, where, and how" of the misconduct charged," (*Vess*, 317 F.3d at 1106), as well as facts explaining why the statement is false. *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1549 (9th Cir. 1994). The Complaint fails to allege any facts supporting the allegations of the alleged marketing or advertising campaign and thus, fails to meet the general pleading requirements of *Twombly* and *Iqbal*, let alone the heightened pleading requirements of Rule 9(b). Accordingly, to the extent this Court does not dismiss the Complaint in its entirety, Diamond requests that this Court dismiss or strike those claims relating to alleged non-labeling marketing or advertising.

## VI. CONCLUSION

For the foregoing reasons, Diamond respectfully requests the Court grant this motion to dismiss and/or strike the allegations of the Complaint as set forth herein.

Dated: March 24, 2014

WINSTON & STRAWN LLP

By: */s/ Amanda L. Groves*
Amanda L. Groves
Attorneys for Defendant
DIAMOND FOODS, INC.