Benjamin M. Lopatin, Esq.
Cal. SBN: 281730
*lopatin@hwrlawoffice.com*
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
One Embarcadero Center
Suite 500
San Francisco, CA 94111
Tel.: (800) 436-6437
Fax: (415) 692-6607

Attorney for Plaintiff Dominika Surzyn
and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **DOMINIKA SURZYN**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **DIAMOND FOODS, INC.**, a Delaware limited liability company, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 4:14-cv-00136-SBA <br><br> JUDGE: HON. SAUNDRA B. ARMSTRONG <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> *JURY TRIAL DEMANDED* |

Plaintiff, DOMINIKA SURZYN ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, and pursuant to this Court's Order Granting Defendant's Motion to Dismiss with Leave to Amend dated May 28, 2014 (Dkt. 27), and after meeting and conferring with Counsel for the Defendant on June 11, 2014, hereby files this First Amended Class Action Complaint, and alleges the following against Defendant, DIAMOND FOODS, INC., and DOES 1 through 10, inclusive ("Defendant"):

**I. <u>INTRODUCTION</u>**

1.      At all material times hereto, Defendant has unlawfully, fraudulently, unfairly, misleadingly, and/or deceptively represented that the following five (5) varieties of its Kettle Brand TIAS Tortilla Chips are "All Natural," in a substantially similar manner on their front

labeling/packaging, while they contain substantially similar synthetic and/or artificial ingredients, including, maltodextrin and/or dextrose, specified as follows:

    a) Kettle Brand TIAS All Natural Nacho Cheddar Tortilla Chips

        i. <u>Unnatural ingredient</u>: maltodextrin;

    b) Kettle Brand TIAS All Natural Zesty Ranch Tortilla Chips

        i. <u>Unnatural ingredient</u>: maltodextrin;

    c) Kettle Brand TIAS All Natural Sweet Baja Barbeque Tortilla Chips

        i. <u>Unnatural ingredient</u>: maltodextrin;

    d) Kettle Brand TIAS All Natural Salsa Picante Tortilla Chips

        i. <u>Unnatural ingredients</u>: maltodextrin and dextrose;

    e) Kettle Brand TIAS All Natural Chili Con Queso Tortilla Chips

        i. <u>Unnatural ingredient</u>: dextrose;

(collectively, "the Products").

2.    At all material times hereto, Defendant manufactures and sells the Products advertised as being "All Natural" in a substantially similar manner on the labeling and front packaging of the Products.

3.    Contrary to Defendant's representations, the Products are not "All Natural," because the Products contain substantially similar unnatural, synthetic, and/or artificial ingredients, such as maltodextrin and/or dextrose.

4.    The Products purchased by Plaintiff and members of the Class similarly claimed to be "All Natural," but were not "All Natural," because the Products all contained substantially similar unnatural, synthetic, or artificial ingredients, such as maltodextrin and/or dextrose.

5.    As a result, the "All Natural" claim is false, misleading, and likely to deceive reasonable consumers.

6.    Plaintiff therefore brings this class action to secure, among other things, equitable relief, declaratory relief, restitution, and in the alternative damages, for a Class of similarly situated California purchasers of the Products, against Defendant, for: (1) Defendant's violation of California's False Advertising Law ("FAL") <u>Business & Professions Code</u> §§ 17500, *et seq.*; (2)

Defendant's violation of the Unfair and Fraudulent Prongs of California's Unfair Competition Law ("UCL") Business & Professions Code §§ 17200, *et seq.*; (3) Defendant's violation of the Unlawful Prong of California's UCL Business & Professions Code §§ 17200, *et seq.*; (4) Defendant's violation of California's Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*; and (5) Negligent Misrepresentation.

7.      Plaintiff is seeking damages individually and on behalf of the Class of similarly situated California purchasers during the past four years.  In addition, Plaintiff is seeking an Order requiring Defendant to cease from representing the Products are "All Natural" on the packaging for the Products that contain synthetic and/or artificial ingredients.

8.      Plaintiff expressly does not seek to contest or enforce any state law that has requirements beyond those required by Federal laws or regulations.

9.      All allegations herein related to advertisements or advertising for the Products, expressly are confined to the "All Natural" statements on the labeling and front packaging of the Products.

10.      All allegations herein are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## II. JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter presented by this First Amended Class Action First Amended Class Action Complaint, because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

12.      Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and as set forth below, diversity of citizenship exists

under CAFA because Plaintiff is a citizen of the State of California, and Defendant can be considered a citizen of the State of Delaware for diversity purposes.

13.     This Court has personal jurisdiction over Defendant because, *inter alia*, Plaintiff's claims arise out of Defendant's conduct within the State of California.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because Defendant conducts business in, and may be found in, this judicial District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. The Declaration of Benjamin M. Lopatin, pursuant to Civil Code § 1780(d) of the CLRA, Civil Code §§ 1750, *et seq.*, regarding venue, is submitted concurrently herewith and is fully incorporated herein by reference.

## III. **PARTIES**

15.     Plaintiff, Dominika Surzyn, is an individual who at all times relevant herein was over the age of 18, and is a citizen of the State of California, resident of the County of Alameda.

16.     Defendant, Diamond Foods, Inc., is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 600 Montgomery Street, 13th Floor, San Francisco, California 94111.

17.     Diamond Foods, Inc., lists with the California Secretary of State a Registered Agent designated as Stephen Kim, located at 600 Montgomery Street, 13th Floor, San Francisco, California 94111.

18.     The true names and capacities of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sue said Defendants, and each of them, by such fictitious names. Plaintiff will amend this First Amended Class Action Complaint to identify their true names and capacities when the same has been ascertained.

19.     Defendant named herein and each of said fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged.

20.     Defendant advertised that the Products are "All Natural" on the labeling and front packaging of the Products sold in this jurisdiction and in this judicial District. The advertising for the Products relied upon by Plaintiff was prepared and/or approved by Defendant and its agents,

and was disseminated by Defendant and its agents through advertising containing the misrepresentations alleged herein.

21.     The labeling and front packaging for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e. Plaintiff and the Class into purchasing the Products.  Defendant is the owner, manufacturer and distributor of the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements for the Products.

22.     Plaintiff alleges that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Defendant, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

23.     Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Products, as well as their respective employees, also were Defendant's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

24.     In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Defendant, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered the common "All Natural" labeling to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Defendant participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

25.     Whenever reference in this First Amended Class Action Complaint is made to any act by Defendant or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendant committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Defendant while actively engaged in the scope of their duties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV. **FACTUAL ALLEGATIONS**

#### A. **Defendant's Advertising of the "All Natural" Products**

26.    Defendant manufactures, advertises, distributes, and sells the Products, defined above in paragraph one (1), throughout the State of California and in this judicial District, which claim to be "All Natural" in a uniform, substantially similarly manner on the front packaging of each of the Products, when in fact, they are not "All Natural," because they contain substantially similar synthetic and/or artificial ingredients, including, maltodextrin and/or dextrose.

27.    The packaging for the five (5) Products displaying the "All Natural" misrepresentation are depicted as follows—for clarification purposes only—because the images are substantially similar in all material aspects to the labeling and front packaging of the Products Plaintiff and members of the Class purchased, and show the "All Natural" claim at issue:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24    28.    Through the Product's "All Natural" labeling on the Product's front packaging of

25  each of the Products, Defendant has made untrue, misleading material statements and

26  representations, which have been reasonably relied upon by Plaintiff and members of the Class to

27  their detriment, resulting in economic damages suffered by Plaintiff and members of the Class.

28

29.     Defendant's "All Natural" statement prominently displayed on the front of the packaging for the Products, is untrue, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class, because the Products are not "All Natural," due to the presence of synthetic and/or artificial ingredients in the Products, such as maltodextrin and/or dextrose.

30.     Defendant unlawfully advertises, distributes, and sells the Products to California purchasers in California grocery stores, food chains, mass discounters, mass merchandisers, club stores, convenience stores, drug stores and/or dollar stores, labeled in a substantially similar manner as being "All Natural."  Each of the Products' labeling and front packaging uniformly and consistently represents that the Products are "All Natural."

31.     As a result, all purchasers within the Class, including Plaintiff, who purchased the Products were exposed to the same "All Natural" claim, in the same location on the front packaging and labeling for the Products, and purchased Products with substantially similar unnatural, synthetic, and/or artificial ingredients.

32.     Plaintiff and members of the Class paid a price premium for the Products that claimed to be "All Natural," over similar products that did not claim to be "All Natural."

33.     Defendant's "All Natural" representations convey a series of express and implied claims that Defendant knows, or should know, are material to the reasonable consumer, and/or which Defendant intends for consumers to rely upon when choosing to purchase the Products.

**B.   The Products Are Not "All Natural"**

34.     At all material times hereto, the Products claimed to be "All Natural" in a substantially similar manner because each of the Products displayed the exact same "All Natural" claim, in the exact same prominently displayed location on the Product's labeling and front packaging.

35.     However, the Products are not "All Natural" because they contain substantially similar unnatural, synthetic, and/or artificial ingredients, such as maltodextrin and/or dextrose.

36.     The Products are not "All Natural" because maltodextrin and dextrose are synthetic and/or artificial ingredients, according to their dictionary definitions.

37.    For example, Merriam-Webster's Dictionary defines "natural" as an adjective as follows:

      i.   "existing in nature and not made or caused by people"

      ii.   "not having any extra substances or chemicals added"

Natural, Merriam-Webster, available at *http://www.merriam-webster.com/dictionary/natural* (last visited June 10, 2014).

38.    Merriam-Webster's Dictionary defines "synthetic" as an adjective as follows:

      i.   "made by combining different substances"

      ii.   "not natural"

*See*    Synthetic,    Merriam-Webster,    available    at    *http://www.merriam-webster.com/dictionary/synthetic* (last visited June 10, 2014).

39.    Merriam-Webster's Dictionary defines "artificial" as an adjective as follows:

      i.   "not natural or real"

      ii.   "made, produced, or done to seem like something natural"

      iii.   "not happening or existing naturally"

      iv.   "created or caused by people"

*See*    Artificial,    Merriam-Webster,    available    at    *http://www.merriam-webster.com/dictionary/artificial* (last visited June 10, 2014).

40.    Maltodextrin is a food additive that does not occur in nature, and is used primarily as a texturizer and filter.  To produce maltodextrin, acid and/or enzymes are applied in sequence to starch to induce partial hydrolysis, known as saccharification,[1] converting depolymerized starch to glucose or maltose molecules.  Once maltose is high enough for maltodextrin, the acids and enzymes are neutralized, removed and deactivated, and the resulting product is then refined, purified, and concentrated.  The acid hydrolysis process is specifically deemed to be a relatively severe process that renders an ingredient no longer "natural."[2]   In addition, Dextrose is

---

1.    *See*    Maltodextrins,    GMO    Compass,    http://www.gmo-compass.org/eng/database/ingredients/148.maltodextrins.html (last visited June 10, 2014).

2.    *See id.*

enzymatically synthesized in a similar manner, crystallizing D-glucose with one molecule of water, resulting in an unnatural substance.

41.     Synthetic chemicals are often used to extract and purify the enzymes used to produce maltodextrin and dextrose.  The microorganisms, fungi, and bacteria used to produce these enzymes are also often synthetically produced.

42.     Therefore, according to the common definitions of "natural," "synthetic," and "artificial," maltodextrin and dextrose are not natural ingredients, and their presence in the Products causes the Products to not be "All Natural."  Despite the presence of synthetic and/or artificial ingredients, Defendant knowingly sells the Products labeled "All Natural" on the front packaging of the Products.

### C.  The "All Natural" Claim is Material to Reasonable Consumers

43.     The "All Natural" labeling of the Products conveys inherent health benefits that are important to consumers—benefits that consumers are willing to pay a premium price over comparable products that are not labeled "All Natural."

44.     Reasonable consumers, such as Plaintiff and members of the Class, rationally expect food products that claim to be "All Natural" on the front of their packaging to not contain unnatural ingredients.

45.     According to Consumers Union, "Eighty-six percent of consumers expect a 'natural' label to mean processed foods do not contain any artificial ingredients."[3]

46.     A representation that a product is "All Natural" is material to a reasonable consumer, and whether a food product is labeled "All Natural" on its front packaging is material to reasonable consumers in their decision to purchase the food product.

47.     Reasonable consumers attach importance to an "All Natural" claim on a food products' front packaging when deciding whether to purchase said food product.

---

3.     Notice of the Federal Trade Commission, Comments of Consumers Union on Proposed Guides for Use of Environmental Marketing Claims, 16 CFR § 260, Dec. 10, 2010, http://www.ftc.gov/os/comments/greenguiderevisions/00289-57072.pdf (last visited June 10, 2014).

12

48.     Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. Thus, Plaintiff's and the other Class members' reliance upon Defendant's misleading and deceptive representations may be presumed. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class.

49.     Furthermore, reasonable consumers interpret an "All Natural" claim to mean that there will be no unnatural, synthetic, and/or artificial ingredients in a food product when it claims to be "All Natural" on its front packaging.

50.     Thus, according to reasonable consumers, the Products are not "All Natural" because the Products contain artificial, synthetic ingredients, such as maltodextrin and/or dextrose, which are not natural ingredients.

51.     The presence of unnatural, synthetic, and/or artificial ingredients in the Products, such as maltodextrin and/or dextrose, causes the "All Natural" statement on the labeling and front packaging of the Products reasonable consumers are misled and deceived into believing that the Products are "All Natural," when they are not.

52.     Reasonable consumers, such as Plaintiff and members of the Class, frequently rely on food label representations and packaging statements in making purchase decisions.

53.     Plaintiff and the other Class members reasonably relied to their detriment on Defendant's misleading "All Natural" misrepresentations.

54.     Defendant's misleading affirmative "All Natural" statements about the Products is false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

55.     Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive "All Natural" misrepresentations on the Products.

56.     Defendant made the deceptive representations on the Products with the intent to induce Plaintiff's and the other Class members' purchase of the Products.

57.     Defendant's false, misleading, and deceptive misrepresentations are likely to continue to deceive and mislead reasonable consumers, like Plaintiff and members of the Class, as they have already deceived and misled Plaintiff and the other Class members, and absent a court order, Defendant may continue to do so.  The Products are simply not "All Natural," therefore rendering Defendant's uniform claim unlawful, fraudulent, unfair, deceptive, misleading, and likely to deceive reasonable consumers.

**D.  <u>Defendant Deceptively Advertises on the Labeling of the Products that the Products Are "All Natural" to Induce Consumers to Purchase the Products</u>**

58.     Defendant advertises that the Products are "All Natural" on the Products' labeling, in a substantially similar, uniform manner on the front of Products' packaging, to increase sales of the Products and Defendant is well-aware that claims of food being "All Natural" are material to consumers.

59.     Defendant engaged in this misleading and deceptive labeling to charge a premium for the Products and take away market share from other similar products.  As stated herein, such representations and labeling portraying the Products as being "All Natural" are misleading and likely to deceive reasonable consumers because the Products are not "All Natural" due to containing unnatural ingredients, as alleged herein.

60.     In making the false, misleading, and deceptive representations, Defendant knew and intended that consumers would pay a premium for "All Natural" labeled products over comparable products that are not labeled "All Natural" furthering Defendant's private interest of increasing sales for its Products, while decreasing the sales of products that are truthfully offered as "All Natural" by Defendant's competitors, or those that do not claim to be "All Natural."

61.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive "All Natural" representations, Defendant injured Plaintiff and the other Class members in that they:

    a)  paid a sum of money for Products that were not as represented;

    b)  paid a premium price for Products that were not as represented;

c) were deprived the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

d) were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

e) did not receive Products that measured up to their expectations as created by Defendant;

f) ingested a substance that was other than what was represented by Defendant;

g) ingested a substance(s) that Plaintiff and the other members of the Class did not expect or consent to;

h) ingested a product that was artificial, synthetic, or otherwise unnatural;

i) ingested a substance that was of a lower quality than what Defendant promised;

j) were denied the benefit of knowing what they ingested by relying on the front packaging and labeling of the Products;

k) were denied the benefit of truthful food labels;

l) were forced unwillingly to support an industry that contributes to environmental, ecological, and/or health damage;

m) were denied the benefit of supporting an industry that sells natural foods and contributes to environmental sustainability; and/or

n) were denied the benefit of the beneficial properties of the natural foods promised.

62.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the other Class members would not have been economically injured, and Plaintiff and the other Class members would not have been denied the benefit of the bargain, they would not have ingested an unnatural, synthetic, and/or artificial substance that they did not expect or consent to.

63.     Plaintiff and the other Class members did not obtain the full value of the Products due to Defendant's misrepresentations.  Plaintiff and the other Class members purchased, purchased more of, or paid more for, the Products than they would have done, had they known that the Products contain unnatural, synthetic, and/or artificial ingredients, and were thus, not "All Natural."

64.     Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

**E.  Plaintiff's Purchase of the Products**

65.     Plaintiff has purchased: (1) Kettle Brand TIAS Nacho Cheddar Tortilla Chips, (2) Kettle Brand TIAS Zesty Ranch Tortilla Chips, and (3) Kettle Brand TIAS Sweet Baja Barbeque Tortilla Chips, during July and August of 2013, from a Whole Foods Market located at 230 Bay Place, Oakland, California 94607, for the purchase price of approximately $3.00 to $4.00 for each of the Products.

66.     The Products Plaintiff purchased each make the same "All Natural" claim in a substantially similar manner, prominently on the front packaging and labeling of the three (3) Products Plaintiff purchased, and contained substantially similar unnatural, synthetic or artificial ingredients, such as maltodextrin.

67.     Prior to purchasing the Products, Plaintiff read the statement on each of the Products' front packaging that said they were "All Natural," which Plaintiff relied on in deciding to purchase the Products.

68.     The fact that the Products were labeled "All Natural" on their front packaging was material to Plaintiff's decision to purchase the Products.

69.     Plaintiff reasonably interpreted the "All Natural" claim to mean that the Products did not contain unnatural, synthetic, and/or artificial ingredients.

70.     Subsequent to Plaintiff's purchases of the Products, Plaintiff discovered that the Products contain unnatural, synthetic, and/or artificial ingredients, such as maltodextrin—and thus—the Products are not "All Natural."

71.     Defendant's "All Natural" labeling for the Products was and is false, misleading, and likely to deceive reasonable consumers.  Therefore, the Products are valueless, worth less than what Plaintiff paid for them, and/or are not what Plaintiff and members of the Class reasonably intended to receive.

72.     As a result of purchasing the Products that claim to be "All Natural," but contain unnatural, synthetic, and/or artificial, ingredients, such as maltodextrin, Plaintiff has suffered economic damages.

73.     Plaintiff seeks damages individually and on behalf of the Class, equal to the aggregate purchase price paid for the Products during the Class Period because the Products are worthless due to the presence of unnatural, synthetic and/or artificial ingredients, which causes the Products to not be "All Natural."

74.     Moreover, Plaintiff and members of the Class paid a price premium for the Products labeled "All Natural," over other similar products that did not claim to be "All Natural."

## V. CLASS ACTION ALLEGATIONS

75.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this First Amended Class Action Complaint.

76.     This action is maintainable as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

77.     Pursuant to Federal Rule of Civil Procedure 23 and Civil Code § 1781, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **all persons in California who have purchased, for personal use, one or more of the following products labeled "All Natural": (1) Kettle Brand TIAS Nacho Cheddar Tortilla Chips; (2) Kettle Brand TIAS Zesty Ranch Tortilla Chips; (3) Kettle Brand TIAS Salsa Picante Tortilla Chips; (4) Kettle Brand TIAS Sweet Baja Barbeque Tortilla Chips; or (5) Kettle Brand TIAS Chili Con Queso Tortilla Chips, from January 9, 2010, to the present.**

78.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded

from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

79. **Numerosity**: The Class comprises many thousands of persons throughout the State of California who purchased the Products. The class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.

80. **Commonality:** The questions of law and fact common to the Class have the capacity to generate common answers that will drive resolution of this action. Common questions of law and fact include, but are not limited to, the following:

a) Whether Defendant's practices and representations related to the advertising, labeling and sales of the Products in California were unfair, deceptive, fraudulent, and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17200, *et seq*.;

b) Whether Defendant's practices and representations related to the advertising, labeling and sales of the Products in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. C. §§ 17500, *et seq.*;

c) Whether Defendant violated Cal. Civ. C. §§ 1750, *et seq.* with its practices and representations related to the advertising, labeling and sales of the Products within California;

d) Whether the Products are "All Natural;"

e) Whether the ingredients contained in the Products are natural;

f) Whether the "All Natural" claim on the Products' packaging and/or labeling is material to a reasonable consumer;

g) Whether the "All Natural" claim on the Products' packaging and/or labeling is false;

h) Whether the "All Natural" claim on the Products' packaging and advertising is likely to deceive a reasonable consumer;

i) Whether the "All Natural" claim on the Products' packaging and/or labeling is misleading to a reasonable consumer;

j) Whether a reasonable consumer is likely to be deceived by a claim that a product is "All Natural," where the product contains synthetic and/or artificial ingredients; and

k) Whether Defendant's conduct as set forth above injured consumers, and if so, the extent of the injury.

81. **Typicality:** Plaintiff's claims, and Defendant's defenses thereto, are typical of the claims of the Class, as the representations made by Defendant are consistent and uniform and are contained in the advertisements and labels that every member of the Class was necessarily exposed to in purchasing the Products. Thus, there exists a presumption that all Class members relied upon said uniform and consistent advertising and representations to their detriment. Additionally, all members of the Class have the same or similar injury (loss of purchase price) based on Defendant's false, deceptive, and misleading "All Natural" labeling and advertising.

82. **Adequacy:** Plaintiff does not have any conflicts with any other members of the Class, and will fairly and adequately represent and protect the interests of the members of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

83. **Predominance:** As set forth in detail herein, common issues of fact and law predominate because all of Plaintiff's claims are based on a uniform false, deceptive, and misleading labeling, which all class members were necessarily exposed to.

84. **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually. Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small monetary size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

85. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all

parties and the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.  The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## VI. CAUSES OF ACTION

### COUNT I

*Violation of California Business & Professions Code §§ 17500 et seq.*

*(Brought on behalf of Plaintiff and the California Class)*

86.     Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein verbatim.

87.     Throughout the Class Period Defendant advertised the Products as being "All Natural," in a uniform manner on each of the Products' front packaging and labeling, despite the fact that the Products contain unnatural, synthetic and/or artificial ingredients.

88.     Defendant's "All Natural" labeling representation and advertising is misleading, untrue, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

89.     Defendant engaged in its labeling of the Products "All Natural" with intent to directly induce customers to purchase the Products based on false "All Natural" claims.

90.     In violation of California Bus. & Prof. Code §§ 17500, *et seq.*, Defendant disseminated, or caused to be disseminated, the deceptive Products' labeling and advertising representations.

91.     Defendant's labeling and advertising representations for the Products are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §§ 17500, *et seq.*

92.     The representations were at all material times hereto likely to deceive reasonable consumers, including Plaintiff and members of the Class.

93.     Defendant violated California Bus. & Prof. Code §§ 17500 *et seq.*, in making and disseminating the deceptive "All Natural" representations.

94.     Defendant knew or should have known that the representations were false, misleading, and likely to deceive reasonable consumers, such as Plaintiff and members of the Class.

95.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and similarly situated California purchasers of the Products have suffered economic damages.

96.     Plaintiff was injured in fact and lost money as a result of Defendant's conduct of improperly advertising the Products as "All Natural."

97.     Plaintiff would not have purchased the Products but for Defendant's misleading "All Natural" statements about the Products.

98.     Pursuant to Bus. & Prof. Code § 17535, Plaintiff, individually and on behalf of all similarly situated California purchasers, seeks an order of this Court requiring Defendant to restore to purchasers of the Products all monies that may have been acquired by Defendant as a result of such false, unfair, deceptive and/or unlawful acts or practices. Plaintiff and members of the Class seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendant from disseminating its untrue and misleading statements, and other relief allowable under California Business & Professions Code Section 17535.

99.     Furthermore, as a result of Defendant's violations of the FAL, Plaintiff and similarly situated California purchasers of the Products are entitled to restitution for out-of-pocket expenses and economic harm.

100.    Pursuant to Civil Code § 3287(a), Plaintiff and similarly situated California purchasers of the Products are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and similarly situated California purchasers of the Products are entitled to interest in an amount according to proof.

**COUNT II**

*Violation of the Unfair and Fraudulent Prongs of California Business & Professions Code*

*§§ 17200 et seq.*

*(Brought on behalf of Plaintiff and the California Class)*

101.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein verbatim.

102.    This cause of action is brought on behalf of Plaintiff and members of the general public, pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

103.    In its labeling and advertising, Defendant makes false and misleading statements regarding the uses and benefits of the Products.

104.    Specifically, Defendant has represented that the Products are "All Natural" in a substantially similar manner, when in fact the Products contain substantially similar synthetic and/or artificial ingredients, such as maltodextrin and/or dextrose.

105.    The misrepresentations Defendant makes about the Products constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code section 17200, *et seq.*

106.    Defendant committed "unfair" and "fraudulent" business acts or practices by, among other things: (1) engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and members of the Class; and (3) engaging in conduct that undermines or violates the spirit or intent of California's consumer protection laws alleged herein.

107.    Defendant's business practices, as alleged herein, are unfair, because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to

consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Products as set forth herein.

108.   Defendant's business practices, as alleged herein, are fraudulent because the "All Natural" claims on the Products' labeling and front packaging are likely to deceive customers into believing the Products have characteristics, uses and benefits they do not have.

109.   As detailed above, Defendant's unfair and fraudulent business practices include disseminating false and/or misleading "All Natural" representations regarding the Products.

110.   Defendant is aware that the claims it made, and makes, about the Products are false, misleading, and likely to deceive reasonable consumers.

111.   Plaintiff would not have purchased the Products but for Defendant's misleading "All Natural" statements about the Products.

112.   Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

113.   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

114.   In addition, Defendant's use of the Products' labeling to advertise that the Products are "All Natural," calls attention to, or gives publicity to, the sale of goods or merchandise that are not as represented, constitutes unfair competition, unfair, deceptive, untrue and/or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200, *et seq*.

115.   Defendant's wrongful business practices constituted a continuing course of conduct of unfair competition by Defendant misrepresenting and selling the Products in a manner likely to deceive the public, such as Plaintiff and members of the Class.

116.   Defendant has peddled its misrepresentations throughout California through advertising on the Products' labeling.

117.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

118.    Plaintiff and the putative members of the Class were misled into purchasing the Products by Defendant's deceptive and fraudulent conduct as alleged herein.

119.    Defendant had an improper motive (profit before accurate labeling) in its practices related to the deceptive labeling and advertising of the Products, as set forth above.

120.    The use of such unfair and fraudulent business acts and practices was under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's advertising and labeling of the Products.

121.    As purchasers and consumers of Defendant's Products, and as members of the general public who purchased and used the Products, Plaintiff and the Class are entitled to bring this class action seeking all available remedies under the UCL.

122.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually, and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that have been acquired by Defendant as a result of Defendant's business acts or practices described herein.  Plaintiff, the Class, and the general public may be irreparably harmed or denied an effective and complete remedy in the absence of such an order.

123.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

124.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

**COUNT III**

***Violation of the Unlawful Prong of California Business & Professions Code §§ 17200 et seq.***

***(Brought on behalf of Plaintiff and the California Class)***

125.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein verbatim.

126.     This cause of action is brought on behalf of Plaintiff and members of the Class pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

127.     As detailed above, Defendant's unlawful practices include disseminating false and/or misleading representations about the Products.

128.     Specifically, Defendant has represented that their Products are "All Natural," when in fact the Products contain unnatural, synthetic and/or artificial ingredients.

129.     Plaintiff would not have purchased the Products, but for Defendant's misleading "All Natural" statements about the Products.

130.     Plaintiff was injured in fact and lost money as a result of Defendant's conduct.

131.     Plaintiff paid for the Products, but did not receive what she reasonably expected.

132.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein.

133.     Defendant's business practices, as alleged herein, are unfair because: (1) the injury to consumers is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) consumers could not reasonably have avoided the information because Defendant intentionally misled the consuming public by means of the claims made with respect to the Products as set forth herein.

134.     In its labeling and front packaging for the Products, Defendant makes false and misleading statements regarding the uses and benefits of the Products, specifically, that the Products are "All Natural."

135.     Defendant has represented that their Products are "All Natural" in a substantially similar manner on the labeling and front packaging for the Products, when in fact the Products contain substantially similar synthetic and/or artificial ingredients, such as maltodextrin and/or dextrose.

136.    Such labeling, advertising and sale of the Products by Defendant is unlawful because they are violating: (1) sections 1770(a)(5), 1770(a)(7) and 1770(a)(9) of the CLRA, Civil Code §§ 1750, *et seq.*; and (2) the FAL, Business & Professions Code §§ 17500, *et seq*.

137.    Because Defendant's business conduct in advertising, labeling, and selling the Products using false and misleading "All Natural" statements, in violation of the CLRA, FAL, and/or other federal and state laws or regulations, it constitutes a per se violation of the "unlawful" prong of the UCL.

138.    As purchasers and consumers of Defendant's Products, and as members of the general public who purchased and used the Products, Plaintiff and the Class are entitled to and bring this class action seeking all available remedies under the UCL.

139.    Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court for injunctive relief and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unlawful business acts or practices.  Plaintiff, the Class and the general public may be irreparably harmed and/or denied an effective and complete remedy in the absence of such an order.

140.    As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

141.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT IV

### *Violation of the California Consumers Legal Remedies Act –*

### *Cal. Civ. Code §§ 1750 et seq.*

### *(Brought on behalf of Plaintiff and the California Class)*

142.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein verbatim.

143. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* (the "CLRA").

144. Defendant has represented that the Products are "All Natural," when in fact, the Products contain unnatural, synthetic and/or artificial ingredients.

145. This cause of action seeks monetary damages and injunctive relief pursuant to California Civil Code § 1782.

146. Defendant's actions, representations, and conduct have violated the CLRA, because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

147. Plaintiff and all members of the Class are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

148. Defendant sold the Products, which are "goods" within the meaning of California Civil Code § 1761(a), to Plaintiff and other members of the Class during the Class Period.

149. Plaintiff is an individual who purchased the Products for personal use.

150. The purchases of the Products by Plaintiff and similarly situated purchasers of the Products in California were and are "transactions" within the meaning of Civil Code §1761(e).

151. Defendant's labeling, advertising and sales of the Product within California violated the CLRA in at least the following respects as set forth in detail above:

    a. In violation of Civil Code §1770(a)(5), Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have;

    b. In violation of Civil Code §1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade, which they are not;

    c. In violation of Civil Code §1770(a)(9), Defendant advertised the Products with an intent not to sell the Products as advertised; and

    d. In violation of Civil Code §1770(a)(16), Defendant represented that the subject of the sale of the Products has been supplied in accordance with a previous representation when it has not.

152. Defendant knew or should have known about the Products' misrepresentations.

153. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

154. Defendant's wrongful business practices constitute a continuing course of conduct in violation of the CLRA.

155. Plaintiff and other members of the putative Class have suffered injury in fact and have lost money as a result of Defendant's misrepresentations.

156. Plaintiff seeks an award of restitution and actual damages in accordance with the provisions of the CLRA.

157. Plaintiff also seeks equitable relief in the form of an order for injunctive relief:

a) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described above;

b) Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described above; and

c) Enjoining Defendant from engaging, using, or employing its "All Natural" advertising and labeling tactics to sell the Products, as described above.

158. Pursuant to the notice requirements under the CLRA, on January 9, 2014, Plaintiff sent Defendant a letter via U.S.P.S. Certified Mail, notifying Defendant in writing of the particular violations of the CLRA, and demanding that Defendant take certain corrective actions within the mandated thirty (30) day time period. In the event Defendant fails to adequately respond within the thirty (30) day time period, Plaintiff intends to amend this First Amended Class Action Complaint to include a request for punitive damages and statutory damages pursuant to the CLRA.

159. Pursuant to the CLRA, Plaintiff separately seeks, and is entitled to, costs, attorney's fees, and any other applicable relief allowable under the CLRA.

## COUNT V

### *Negligent Misrepresentation*

### *(Brought on behalf of Plaintiff and the California Class)*

160.    Plaintiff re-alleges and fully incorporates by reference all allegations set forth in the preceding paragraphs of this First Amended Class Action Complaint as if fully set forth herein verbatim.

161.    Defendant has represented that their Products are "All Natural," when in fact the Products contain synthetic and/or artificial ingredients.

162.    Defendant had no reasonable grounds for believing its representations were true.

163.    Defendant should have known about the Products' misrepresentations.

164.    In making these representations to Plaintiff and the Class, Defendant intended to induce Plaintiff and the Class to purchase the Products.

165.    At all times herein, Plaintiff and the Class were unaware of the falsity of the Products' statements.

166.    Plaintiff and the Class reasonably acted in response to the statements made by Defendant when they purchased the Products.

167.    As a proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members purchased the Products.

168.    As a result, Plaintiff and the Class have been economically damaged in an amount to be determined at trial.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment and relief on all causes of action as follows:

A.      For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys as Class counsel.

B.      For an award of equitable relief as follows:

i.      Enjoining Defendant from making any "All Natural" claims for the Products found to violate the UCL, FAL, or CLRA as set forth above;

1          ii.      Requiring Defendant to make full restitution of all monies wrongfully obtained as a

2          result of the conduct as set for above;

3         iii.      Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct as set

4          forth above.

5        C.      For actual damages in an amount to be determined at trial.

6        D.      For an award of attorneys' fees pursuant to, *inter alia*, § 1780(d) of the CLRA and

7 Code of Civil Procedure § 1021.5.

8        E.      For an award of costs.

9        F.      For such further relief this Court deems just, appropriate, or proper.

10        G.      For pre- and post-judgment interest on any amounts awarded.

11                                   **VIII. JURY DEMAND**

12 Plaintiff respectfully demands a trial by jury on all issues so triable.

13

14

15                                     **Respectfully Submitted,**

16 **DATED:  June 11, 2014**         */s/   Benjamin M. Lopatin*

17                             Benjamin M. Lopatin, Esq.
                            Cal. SBN:  281730

18                             *lopatin@hwrlawoffice.com*
                            THE LAW OFFICES OF

19                             HOWARD W. RUBINSTEIN, P.A.
                            One Embarcadero Center

20                             Suite 500
                            San Francisco, CA 94111

21                             Tel.:  (800) 436-6437
                            Fax:  (415) 692-6607

22

23                             *Attorney for Plaintiff Dominika Surzyn*
                            *and the Proposed Class*

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

  **I HEREBY CERTIFY** that on this <u>11th day of June, 2014</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

            <u>*/s/*  Benjamin M. Lopatin</u>
            Benjamin M. Lopatin, Esq.